UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZOEE LYNN WILSON,

                Plaintiff,

v.

Nancy A Berryhill, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. 2:17-cv-01667-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court reverses and remands defendant's decision to deny benefits for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On December 30, 2013, plaintiff's mother, Susanne Wilson, filed an application for supplemental security income benefits on behalf of plaintiff alleging disability beginning February 2, 1996, plaintiff's date of birth. Dkt. 8 Administrative Record (AR) 175-183. The claim was denied on initial administrative review and on reconsideration. AR 114-117, 118-120, 122-127. A video hearing was held on February 4, 2016, before ALJ Mary Gallagher Dilley at which plaintiff and her mother appeared and testified, as did vocational expert Michael W. Swanson. AR 33-81. At the hearing, plaintiff amended the alleged onset date to February 2,

ORDER - 1

2014. AR 39, 43. At the time of the hearing, plaintiff was 20 years old. AR 39, 43. However, she was still attending Oak Harbor High School through a special vocational program. *Id.* Based on the alleged amended onset date, the ALJ applied the adult disability rules. *Id.*

In a written decision dated May 2, 2016 the ALJ documented her analysis at each of the five steps of the Commissioner's sequential disability evaluation process. AR 13-32. At the first step, the ALJ considers whether the claimant is engaged in "substantial gainful activity." *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (citing C.F.R. § 416.920(a)(4)). At the second step, the ALJ considers "the severity of the claimant's impairments. *Id.* If the evaluation process "continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1." *Id.* "If so, the claimant is considered disabled and benefits are awarded, ending the inquiry." *Id.* If not, the ALJ considers the claimant's residual functional capacity ("RFC") "in determining whether the claimant can still do past relevant work" at step four, "or make an adjustment to other work" at step five. *Id.*

At step one of the sequential evaluation process, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the amended alleged on set date. AR 18. At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, autism spectrum disorder, attention deficit disorder, attention deficit hyperactivity disorder, anxiety disorder, obesity, and migraines. AR 18. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 19. The ALJ next considered plaintiff's residual functional capacity (RFC) and found at step four that plaintiff does not have any past relevant work, but that

1    at step five she could perform jobs that exist in significant numbers in the national economy, and
2    therefore, she was not disabled. AR 26-28.

3    Plaintiff's request for review was denied by the Appeals Council on September 8, 2017
4    making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed
5    in a complaint filed with this Court on November 6, 2017. AR 1-12; Dkt. 1, 4; 20 C.F.R. §§
6    404.981, 416.1481.

7    Plaintiff seeks reversal of the ALJ's decision and remand for further administrative
8    proceedings arguing that the ALJ erred in evaluating the medical opinion evidence of examining
9    psychologist Dr. Julie Davies, Ph.D. and two State agency psychological consultants, Dr.
10   Richard Borton, Ph.D. and Dr. Michael Brown, Ph.D. Dkt. 10.

## DISCUSSION

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). The Court, however, may not affirm by

locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* at 630.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports, and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

I. <u>ALJ's Evaluation of the Medical Opinion Evidence</u>

Plaintiff challenges the ALJ's decision discounting the opinion of examining psychologist, Dr. Davies, and giving great weight to the opinions of State agency psychological consultants, Drs. Borton and Brown. Dkt. 10 at 1-12.

Three types of physicians may offer opinions in Social Security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (non-examining physicians)."*Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than the opinion of a doctor who examined but did not treat the plaintiff, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician. *Id.* A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan,* 242 F.3d at 1149.

Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984) (internal citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

        a.    <u>Dr. Davies, examining psychologist</u>

In May and June 2015, Dr. Davies performed a psychological evaluation over the course of three sessions. AR 449-59. Dr. Davies found that plaintiff met the criteria for autism spectrum disorder, generalized anxiety disorder, and attention deficit-hyperactivity disorder (predominantly inattentive). AR 456. Dr. Davies reported that although plaintiff had a typical range IQ, her ability to represent herself, understand others, manage social situations, and

anxieties and move through situations that required executive functioning skills placed her at a low adaptive function level. AR 456.

Dr. Davies reported that plaintiff's developmental presentation was similar to a 13-year-old, and that her impairments were consistent with level two,[1] defined as "requiring substantial support" for both social communication and restricted, repetitive behaviors. AR 456. Dr. Davies reported that plaintiff had low working memory ability, was sensitive to environmental stimuli, could be easily overwhelmed and triggered emotionally, was often focused internally and missed social cues as well as missing/interpreting the social perspective and intentions of others. AR 456.

Dr. Davies found that plaintiff required considerable adult support to function at the level expected of her age, including navigating transportation, shopping, volunteering, and activities, and many domestic tasks including personal health and hygiene. AR 457.

The ALJ assigned "some weight" to Dr. Davies opinion. AR 25. The ALJ found:

> [T]he mental health treatment notes and the claimant's functioning in the school environment do not support her degree of adaptive difficulty Dr. Davies opined. The claimant's special education teacher, who spent much more time with the claimant than Dr. Davies, reported the claimant only had slight difficulties interacting and relating with others and in caring for herself.

AR 25 (citing AR 218-225, 237-244).

---

[1] Level two severity indicates that in social communication, individuals have "[m]arked deficits in verbal and nonverbal social communication skills; social impairments apparent even with supports in place; limited initial of social interactions; and reduced or abnormal responses to social overtures from others. For example, a person who speaks in simple sentences, whose interaction is limited to narrow special interests, and who has markedly odd nonverbal communication." AR 272. With respect to restricted, repetitive behaviors, individuals exhibit: "[I]nflexibility of behavior, difficult coping with change, or other restricted/repetitive behaviors appear frequently enough to be obvious to the casual observer and interfere with functioning in a variety of contexts. Distress and/or difficult changing focus or action." AR 272.

Dr. Davies' opinion was contradicted by the opinions of Drs. Brown and Borton, therefore, the ALJ was required to provide specific and legitimate reason for discounting Dr. Davies' opinion. *See* AR 449-59, 93, 109-10; *Trevizo*, 871 F.3d at 675 (citation omitted).

1. *Inconsistent with Treatment Notes*

First, the ALJ found that plaintiff's mental health treatment notes do not support Dr. Davies' opinion. AR 25. An inconsistency between treatment records and an opinion serves as a valid reason to discount the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, however, the ALJ failed to provide her interpretation of the evidence and did not provide a detailed explanation as to why Dr. Davies' opinion should be discounted. For example, the ALJ failed provide any discussion explaining how Dr. Davies' opinion was contradicted by plaintiff's mental health treatment records. AR 25.  Although defendant cites to numerous treatment notes in the record, Dkt. 14 at 8 (citing AR 23, 355, 357, 390, 392, 394, 484–512), the ALJ did not cite to those notes in discussing Dr. Davies' opinion, nor did she elaborate on *which* mental health treatment notes conflicted with *which* part of Dr. Davies' opinion. AR 25. It is not clear from the ALJ's decision whether she was referring to an internal inconsistency with Dr. Davies' evaluation, or if she was rejecting Dr. Davies' opinion on the basis that it was inconsistent with the longitudinal record. *See* AR 25.

Such conclusory reasoning constitutes an insufficient basis on which to give "some weight" to Dr. Davies' opinion. Therefore, the ALJ erred. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that

it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

### 2. *Inconsistent with Plaintiff's Ability to Function in a School Environment and Ms. Richard's Opinion*

Next, the ALJ rejected Dr. Davies' opinion as inconsistent with the opinion of plaintiff's special education teacher, Heidi Richard, and plaintiff's ability to function in a school environment. AR 25. The ALJ noted that Ms. Richard spent more time with plaintiff than Dr. Davies, and Ms. Richard reported that plaintiff only had "slight difficulties in interacting and relating with others and in caring for herself." AR 25 (citing AR 218-225, 237-244).

The Court acknowledges that although Ms. Richard is a "non-medical source," her opinion may, under certain circumstances, outweigh the opinion from a medical source. SSR 06-03P, *Available at* 2006 WL 2329939.[2] "For example, this could occur if the 'non-medical source' has seen the individual more often and has greater knowledge of the individual's functioning over time and if the 'non-medical source's' opinion has better supporting evidence and is more consistent with the evidence as a whole." *Id.* Yet it must also be acknowledged that Ms. Richard was making assessments of the plaintiff's educational abilities and progress, not a professional assessment of her psychological conditions (which were beyond Ms. Richard's scope of professional credentials and responsibility). Dr. Davies' evaluations were focused purely on psychological conditions which are probative of the existence of a disability that affects paid work; whereas Ms. Richard's assessments were focused on educational progress – which is not always probative of the existence of a disability that affects paid work. Therefore any conflict between these two opinions may not be relevant, because it is not clear whether the

---

[2] Although this ruling was rescinded in March 2017. 82 Fed. Reg. 5844-01, 2017 WL 168819, it was in effect on the date of the ALJ's decision. AR 20.

difference would be the result of differences in expertise and/or differences in the purpose of the evaluations.

Also, any inconsistency between plaintiff's level of functioning during one class period per day (55 minutes) and Dr. Davies' opinion regarding plaintiff's ability to function independently is not sufficiently substantial to support the ALJ's decision to afford Dr. Davies' opinion only "some weight." AR 25.

First, the record shows that plaintiff received accommodations to aid her school attendance. She attended "production lab" special education studies skills class every day for approximately 55 minutes per day. AR 237. There is no evidence that plaintiff's attendance at school was as mentally or socially challenging as full-time employment, and it is not clear from the record that plaintiff was able to sustain school attendance even with the accommodation. AR 218, 237 (Ms. Richard noted that plaintiff had an unusual degree of absenteeism and missed classes due to anxiety and migraines). *See Kish v. Colvin,* 552 F. App'x 650, 651 (9th Cir. 2014) (School attendance is often not as taxing as full-time employment).

Second, although Ms. Richard reported plaintiff had come a long way since her freshman year of school and is mostly independent, AR 221, 223, these statements do not present a complete picture of plaintiff's level of functioning in a school environment. Ms. Richard also noted that plaintiff "sometimes struggles with understanding directions when they are not broken down" AR 238, "needs social skill reminders and modeling[,]"AR 221, has "anxiety [that] can get in the way of her ability to understand material or follow through with activities[,]" AR 238, "has some issues with social skills[,] … can struggle with conversational dynamics[,]" AR 240, sometimes gets distracted, becomes anxious and overwhelmed, and needs additional time to get work completed, AR 239, 242.

ORDER - 9

Moreover, plaintiff's school transition program report from 2015, which included teacher and staff observations, indicates that plaintiff "needs to continue to develop her self-advocacy skills, increase her ability to work for longer periods of time[,] … increase her level of responsibility without becoming overly anxious to the point that it would interfere with her ability to obtain and maintain employment." AR 468. The stated goal for the program was for plaintiff to be able to work in an internship for four hours a day, three days per week without becoming overly stressed or anxious. AR 475. In sum, this evidence does not demonstrate that plaintiff would be able to sustain paid work activities on a regular and continuing basis. *See* SSR 96-8p.

Therefore, while Ms. Richard reported some level of independent functioning in a school environment, the ALJ's selective reliance on this finding is not a sufficient basis for undermining Dr. Davies' opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted) ("it is error for an ALJ to pick out a few isolated instances of [mental health] improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (an ALJ must not "cherry-pick" certain observations without considering their context). Thus, the ALJ erred.

### 3. *Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

In the RFC assessment, the ALJ found, in relevant part, that plaintiff is capable of performing a full range of work with the following non-exertional limitations: occasional contact with coworkers; a stable, unchanging work environment with learning by demonstration; and no contact with the public. AR 20. Had the ALJ credited fully Dr. Davies' opinion, the RFC would have also included limitations in plaintiff's ability to function independently without adult support. *See* AR 449-59. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert in response to an improper hypothetical, the error affected the ultimate disability determination and was not harmless.

    b.  <u>Drs. Borton and Brown, State agency psychological consultants</u>

On May 28, 2014, Dr. Borton opined that plaintiff had no understanding and memory or sustained concentration and persistence limitations. AR 92. Dr. Borton opined that plaintiff should have limited public contact, was capable of working with a limited amount of coworkers, and was likely to interact adequately with supervisors. AR 93. He opined that plaintiff was apt to have some difficulty coping with fast-paced or frequent changes in job expectations or tasks, but she retained the ability to cope with minimal changes in an otherwise routine work setting. AR 93. On September 28, 2014, Dr. Brown agreed with Dr. Borton's opinion. AR 109-10. The ALJ assigned significant weight to the opinions of Drs. Borton and Brown. AR 24.

Plaintiff argues that the ALJ erred in significant weight to the opinions of Drs. Borton and Brown. Dkt. 8 at 10-12. Specifically, plaintiff contends that Drs. Borton and Brown did not

have access to substantial information in the record, including Dr. Davies' 2015 report and the 2015 Individual Education Plan from Oak Harbor School District, and therefore, their opinions are not supported by substantial evidence. Dkt. 8 at 11.

Here, Drs. Borton and Brown could not have reviewed evidence from 2015 that did not exist at the time of their review in 2014. *See* AR 449-459, 468, 475. However, the ALJ reviewed the evidence from 2015 and committed harmful error in assessing Dr. Davies' opinion. *See* Section I.A., *supra*. The ALJ's re-evaluation of Dr. Davies' opinion may impact the ALJ's viewpoint about the opinions of Drs. Borton and Brown, and may cause the ALJ to re-evaluate how much or little weight to give those 2014 opinions. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). (Although a non-examining source opinion is generally entitled to less weight, it "need not be discounted when it 'is not contradicted by *all other evidence* in the record.' ") (quoting *Magallanes v. Bowen,* 881 F.2d 747, 752 (9th Cir. 1989) (emphasis in original)); SSR 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996) (providing that State agency opinions are entitled to weight so far as they are supported by the record). Therefore, the Court finds the errors are not harmless and the ALJ should also re-evaluate the opinions of Drs. Borton and Brown on remand. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

II.     Remand for Further Proceedings

Plaintiff seeks remand for further proceedings. Dkt. 10 at 12. As discussed above, the ALJ failed to provide legally sufficient reasons for discounting the opinion of Dr. Davies, and the ALJ's assessment of the opinions of Drs. Borton and Brown would potentially be impacted by reconsideration of Dr. Davies' opinion. *See* Section I, *supra.* Accordingly, on remand the Commissioner shall re-evaluate the medical evidence, including the opinions of Drs. Davies, Borton and Brown.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 16th day of August, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge